UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE HUTSON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AMCO INSURANCE CO INC, et al.,<br><br>    Defendants. | Case No. 19-cv-03667-EMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Docket No. 69 |

Plaintiffs are the heirs of a woman named Betty Hutson. They initially sued two companies: AMCO Insurance Co. and Wells Fargo Bank, NA. In August 2020, Plaintiffs and Wells settled their dispute, and thus Wells was dismissed from the suit. *See* Docket Nos. 58, 60 (notice of settlement and order dismissing action against Wells). Thus, at this juncture, the only defendant in the case is AMCO and the only cause of action against AMCO (following the Court's order on a 12(b)(6) motion) is one for unjust enrichment.

Currently pending before the Court is Plaintiffs' motion for leave to file a third amended complaint ("TAC"). In the motion, Plaintiffs ask that new plaintiffs be added to this action so that the new plaintiffs can assert their own claim for unjust enrichment against AMCO. Having considered the parties' briefs and accompanying submissions, the Court hereby **DENIES** Plaintiffs' motion.

The proposed new plaintiffs are contractors who did repair on the real property at issue (that had suffered damage from a fire) but were not paid. *See* Prop. TAC ¶¶ 1, 87 (naming Louis Cherry, American Precision Builders, and Roosevelt Williams as "contractors hired to do construction work on the premises . . . who are still owed substantial sums for construction on the

project"). As noted above, the contractors wish to assert a claim for unjust enrichment against AMCO.

Under Federal Rule of Civil Procedure 15, "[a] court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Factors for a court to consider in deciding whether to give leave include undue delay in amending, bad faith in amending, futility in amending, and prejudice to the other side from the amendment. Prejudice is often the crucial factor. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003). But futility alone can be a basis for denial of leave to amend. *See United States ex rel. Insoon Lee v. SmithKline Beecham, Inc*., 245 F.3d 1048, 1052 (9th Cir. 2001); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

In the instant case, the unjust enrichment claim by the contractors against AMCO would be futile. Plaintiffs' proposed complaint and motion to amend indicate that Wells hired the contractors to do the repairs and/or Janice Hutson did. *See, e.g.*, Prop. TAC ¶ 88 (alleging that "[t]he contractors were hired by Wells Fargo, not by the homeowners"); Prop. TAC, Ex. 1 (consisting of several documents, including a "Prime Building Contract" between Janice Hutson and American Builders); Mot. at 8 (taking note of "the first contract signed by both the homeowner Janice Hutson and the contractor"). Thus, any work that the contractors performed was at the behest of Wells and/or Janice Hutson, and the only services provided by the contractors were for Wells and/or Janice Hutson. As a result, the contractors may have a claim for unjust enrichment against Wells and/or Janice Hutson,[1] but not against AMCO.[2] AMCO did not receive any benefit from the contractors' work and therefore was not unjustly enriched. *See In re De Laurentiis Entm't Grp., Inc.*, 963 F.2d 1269, 1274 (9th Cir. 1992) (holding that, even though an advertising agency had contracted with NBC to buy advertising – and not the agency's client –

---

[1] *Cf. Kossian v. Am. Nat'l Ins. Co.*, 254 Cal. App. 2d 647 (1967) (holding that contractor who provided services to the owner of a building damaged by fire could recover in quantum meruit against the company that held a deed of trust on the building and who had received proceeds of the fire insurance).

[2] The Court does not opine on whether Plaintiffs' counsel could ethically represent both Plaintiffs and the contractors, given that the contractors potentially could assert a claim for relief against Plaintiffs.

2

NBC could still recover in quantum meruit from the agency's client because the client was the one who had requested the advertising and who had benefited from it). Plaintiffs contend that AMCO benefited because it acknowledged owing more money to cover repairs but then never paid out that money. *See* Mot. at 3; Reply at 4. Even assuming that AMCO acknowledged owing more in insurance proceeds, that does not mean that AMCO benefitted from these *contractors'* work; at most, AMCO would owe insurance money under the policy to Wells, not directly to the contractors.

The Court also acknowledges Plaintiffs' assertion that the contractors "were hired pursuant to a scope [of work] prepared by AMCO[] and with direction to Wells Fargo that the contractors follow that scope." Prop. TAC ¶ 88. At best, however, that suggests that Wells Fargo could have a claim against AMCO.

Accordingly, Plaintiffs' motion for leave to amend is hereby denied. At the next status conference, currently set for January 7, 2021, Plaintiffs and AMCO shall be prepared to address whether they have reached a settlement of their dispute or whether this litigation shall continue on Plaintiffs' unjust enrichment claim alone.

This order disposes of Docket No. 69.

**IT IS SO ORDERED**.

Dated: December 14, 2020

_____
EDWARD M. CHEN
United States District Judge